[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff moves for summary judgment in this action to foreclose certain mortgage note and deed and the defendants Kenneth Schwartz, and Leonard Ginsberg challenge the enforceability of the note on the grounds that its provisions respecting interest are ambiguous, indefinite and inconsistent. The court, sua sponte, bifurcates the motion and will at this, time decide solely the issue of defendant's liability under the note and leave to a hearing the issue of the amount due and owing on the note.
The undisputed facts are as follows. On August 9, 1988 defendants Kenneth Schwartz and Leonard Ginsberg executed a promissory note, secured by a mortgage on real property known as 971-75 Farmington Avenue, West Hartford, in the fact amount of $3,000,000. The note provided the entire unpaid principal balance, together with accrued interest, became payable ninety (90) days from date of execution. In their answer the above-named defendants admit they failed to pay the entire principal within the ninety (90) day period.
The note further provided with respect to interest the following:
 "This Note shall bear interest on the unpaid balance from time to time outstanding at a fluctuating CT Page 3529 rate per annum equal to two percentage points (2%) above the Base Rate (hereinafter defined). The term "Base Rate" as used herein shall mean the "Base Rate" announced from time to time by Mechanic's Savings Bank. Each change in the fluctuating interest rate herein provided shall take effect simultaneously with the corresponding announcement of a change in the Base Rate. Interest only at the foregoing rate shall be due and payable monthly, in arrears, commencing on the second day of the first month after the date hereof and continuing on the first day of each and every month thereafter until the maturity hereof of any accelerated maturity hereof. Interest for the period from and including the date hereof to and including the last day of the month hereof shall be payable upon delivery of this Note. "
Above-named defendants claim this provision of the Note is ambiguous, indefinite and inconsistent and therefore raise issues of fact in that:
(1) The first sentence states "This Note shall bear interest on the unpaid balance from time to time . . .". It is unclear, so defendants assert, whether the intent is that (a) the note shall bear interest from time to time, or (b) the note shall bear interest on whatever the outstanding balance may be from time to time. The court finds no ambiguity and readily concludes the words mean interest shall be calculated on whatever the outstanding balance may be from time to time.
(2) Defendants assert it is unclear whether word "outstanding" in the first sentence is intended to mean (a) interest outstanding will be paid from time to time, or (b) interest will be paid on the outstanding balance from time to time. The court finds no ambiguity and concludes interest will be paid on the outstanding balance from time to time.
(3) Defendants assert that "fluctuating rate" as used in the first and third sentence is undefined. The court concludes "fluctuating rate" clearly means 2% above the Base Rate, which defendants concede in their memorandum is not at issue.
Defendants assert the note designates two different and inconsistent days of the month on which interest is payable. The court finds no inconsistency. Interest is due and payable each month, in arrears, starting on the second day of the first month after the date of execution of the note (i.e., September 2, 1988) and on the first day of each month thereafter (i.e., October 1, 1988 etc.) until maturity. CT Page 3530
The court concludes the defendants have raised no substantial issue of fact as to the validity and enforceability of the note and accordingly summary judgment may enter in favor of the Plaintiff and against the defendants Schwartz and Ginsberg as to their liability under the note. The court will determine the amount of plaintiff's debt as against those defendants at a hearing in the foreclosure proceeding.
ROBERT SATTER, J.